J-S48002-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LANE C. HURLEY | : | |
| | : | |
| Appellant | : | No. 360 MDA 2017 |

Appeal from the PCRA Order February 13, 2017
In the Court of Common Pleas of Cumberland County
Criminal Division at No(s):  CP-21-CR-0001595-2002

BEFORE:   OTT, J., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY OTT, J.:                    **FILED AUGUST 21, 2017**

Lane C. Hurley appeals from the order entered February 13, 2017, in the Court of Common Pleas of Cumberland County, that dismissed, after a hearing, his second petition filed pursuant to the Post Conviction Relief Act[1] (PCRA), on the basis of untimeliness.   Concomitant with this appeal, appointed counsel[2] has filed an ***Anders***[3] brief and a petition for leave to

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

[2] After Hurley filed the present PCRA petition on November 7, 2016, the PCRA court appointed counsel to represent him.  ***See*** Order, 11/21/2016.

[3] ***Anders v. California***, 386 U.S. 738 (1967). Although counsel has submitted an ***Anders*** brief to this Court, we note that in the PCRA context, counsel should have filed a no-merit letter in accordance with ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). ***See Commonwealth v.***
*(Footnote Continued Next Page)*

withdraw from representation. Based upon the following, we affirm and grant the motion to withdraw.

The PCRA court summarized the procedural history of this case, as follows:

> … [Hurley] was found guilty following a jury trial in 2006 of corruption of minors, indecent assault, aggravated indecent assault, and involuntary deviate sexual intercourse. The charges arose from alleged incidents in 1997 involving [Hurley's] 10-year-old niece.
>
> [Hurley] was sentenced on December 19, 2006. He received concurrent statutorily mandated minimum prison sentences of 2½ to 5 and 5 to 10 years respectively for the offenses of aggravated indecent assault and involuntary deviate sexual intercourse, and sentences of probation consecutive thereto for the remaining two offenses.
>
> The mandatory minimum sentences for aggravated indecent assault and involuntary deviate sexual intercourse were imposed pursuant to 42 Pa.C.S. § 9718(a)(1), (2), prescribing minimum sentences for certain offenses involving a victim less than 13 years old and 16 years old respectively. Following an unsuccessful direct appeal, he was committed to prison on July 21, 2007. **For purposes of the Post Conviction Relief Act, his judgment of sentence became final on October 7, 2009.**[10]
>
> ---
>
> [10] On direct appeal, the judgment of sentence was affirmed by the Pennsylvania Superior Court on December 29, 2008. *Commonwealth v. Hurley*, [965 A.2d 295] 596 MDA 2007 (Pa. Super. Ct. Dec. 29, 2008). [Hurley's] petition for allowance of appeal from the affirmance was denied by the

*(Footnote Continued)* ———————————

**Widgins**, 29 A.3d 816, 817 n.2 (Pa. Super. 2011). However, "[b]ecause an **Anders** brief provides greater protection to a defendant, this Court may accept an **Anders** brief in lieu of a **Turner/Finley** letter." **Id.** (citation omitted).

Pennsylvania Supreme Court on July 9, 2009. *Commonwealth v. Hurley*, 602 Pa. 676, 981 A.2d 218 (2009). *See* 42 Pa.C.S. § 9545(b)(3) ("For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, *including discretionary review in the Supreme Court of the United States* and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.") (emphasis added); *Commonwealth v. Owens*, 718 A.2d 330 (Pa. Super. Ct. 1998) (acknowledgment of 90-day period within which to seek review in United States Supreme Court by petition for writ of certiorari).

_____

[Hurley's] first petition for collateral relief under the Post Conviction Relief Act was filed on June 17, 2010, and supplemented on August 23, 2010. It was denied by order of this court dated December 5, 2011. The order denying the petition was affirmed by the Pennsylvania Superior Court on October 4, 2012,[14] and [Hurley's] petition for allowance of appeal from the affirmance was denied by the Pennsylvania Supreme Court on May 15, 2013.[15]

_____

[14] *Commonwealth v. Hurley*, [62 A.3d 450] 2220 MDA 2011 (Pa. Super. Ct. Oct. 4, 2012).

[15] *Commonwealth v. Hurley*, 620 Pa. 697, 67 A.3d 794 (May 15, 2013). [Hurley] has also pursued what has thus far been an unsuccessful collateral challenge to his convictions in federal court. *See Hurley v. Thompson*, 2016 U.S. Dist. LEXIS 87527 (magistrate's recommendation) (M.D. Pa. June 29, 2016).

_____

[Hurley's] current Post Conviction Relief Act petition, filed November 7, 2016, in substance challenges the legality of his sentences for aggravated indecent assault and involuntary deviate sexual intercourse, citing *Alleyne v. United States*, ___ U.S. ___, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (June 17, 2013) (holding that sixth amendment requires that [any] factor which increases [the] mandatory minimum sentence be considered element of offense to be found by trier-of-fact by proof beyond a

reasonable doubt), and its progeny. A hearing on the petition was held on February 2, 2017.

PCRA Court Opinion, 2/13/2017, at 1–3 (emphasis added) (footnotes omitted, except as noted).

Following the hearing, the PCRA court denied relief, finding that Hurley's PCRA petition was untimely and Hurley could not satisfy the PCRA time-bar exception set forth in Section 9545(b)(1)(iii) and (2) by relying on *Alleyne, supra,* and *Commonwealth v. Wolfe*, 140 A.3d 651 (Pa. June 20, 2016). *See* PCRA Court Opinion, *supra*, at 4–6. Appointed counsel filed a timely appeal and, pursuant to court order, filed a Pa.R.A.P. 1925(b) statement.

We first consider whether counsel has fulfilled the procedural requirements for withdrawal as outlined in *Turner/Finley*:

> The *Turner/Finley* decisions provide the manner for postconviction counsel to withdraw from representation. The holdings of those cases mandate an independent review of the record by competent counsel before a PCRA court or appellate court can authorize an attorney's withdrawal. The necessary independent review requires counsel to file a 'no-merit' letter detailing the nature and extent of his review and list each issue the petitioner wishes to have examined, explaining why those issues are meritless. The PCRA court, or an appellate court if the no-merit letter is filed before it, [...] then must conduct its own independent evaluation of the record and agree with counsel that the petition is without merit. *See* [*Commonwealth v. Pitts*, 603 Pa. 1, 981 A.2d 875, 876 n.1 (Pa. 2009)].
>
> In *Commonwealth v. Friend*, 2006 PA Super 70, 896 A.2d 607 (Pa. Super. 2006), *abrogated in part by* *Pitts, supra*, this Court imposed additional requirements on counsel that closely track the procedure for withdrawing on direct appeal. Pursuant to *Friend* counsel is required to contemporaneously

> serve upon his client his no-merit letter and application to withdraw along with a statement that if the court granted counsel's withdrawal request, the client may proceed *pro se* or with a privately retained attorney.

***Commonwealth v. Rykard***, 55 A.3d 1177, 1184 (Pa. Super. 2012) (footnote omitted).

Here, PCRA counsel's ***Anders*** brief addresses the only claim presented by this appeal — "whether the [PCRA] court erred in denying [Hurley's] petition as untimely in addressing the retroactivity of ***Alleyne*** on mandatory minimums as to attacks on collateral review"[4] — and explains why the claim fails. In addition to the brief, counsel filed a withdrawal petition and a letter, both of which were sent to Hurley. The letter indicates the brief is enclosed, and notifies Hurley of his rights pursuant to ***Commonwealth v. Friend***, 896 A.2d 607 (Pa. Super. 2006).[5] Based on our review, we conclude counsel has complied with the procedural requirements of ***Turner*** and ***Finley***. Therefore, we turn to the issue presented in this appeal.

> Our standard of review is well settled:

> When reviewing the propriety of an order denying PCRA relief, this Court is limited to a determination of whether the evidence of record supports the PCRA court's conclusions and whether its ruling is free of legal error. This Court will not disturb the PCRA

---

[4] Hurley's Statement of Matters Complained of on Appeal Pursuant to Pa.R.A.P. 1925(b), 3/7/2016; ***Anders*** Brief at 4.

[5] Hurley has not filed a response to the petition to withdraw or letter with enclosed brief.

court's findings unless there is no support for them in the certified record.

***Commonwealth v. Woods***, ____ A.3d ____, ____ [2017 PA Super 181] (Pa. Super. 2017) (citations omitted). Additionally, the timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Murray***, 753 A.2d 201, 203 (Pa. 2000).

Here, the Honorable J. Wesley Oler, analyzed Hurley's petition, as follows:

> … As noted above, [Hurley's] sentence became final on October 7, 2009, and his current PCRA petition was filed on November 7, 2016.
>
> In response to [Hurley's] petition challenging the legality of his mandatory minimum sentences for aggravated indecent assault and involuntary deviate sexual intercourse, pursuant to *Alleyne* and its progeny, the Commonwealth filed an answer and motion to dismiss. This response contended that the petition was neither timely under the Post Conviction Relief Act nor meritorious inasmuch as the constitutional rule recognized in *Alleyne* was not retroactive for purposes of collateral review.
>
> [Hurley] filed a reply to the Commonwealth's response. His reply contended that the issue of timeliness depended upon an application of an exception to the general one-year period of limitation in the Post Conviction Relief Act, relating to recent decisions, and that the court should "address the retroactivity of *Alleyne* on mandatory minimums as to attacks on collateral review."
>
> STATEMENT OF LAW
>
> Under Section 9545(b) of the Post Conviction Relief Act, it is provided as follows:

(b) Time for filing petition

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that: . . .

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

[42 Pa.C.S. § 9545(b)(1)(iii), (2).]

The limitation periods for filing PCRA petitions provided for in the act are jurisdictional. *Commonwealth v. Burton*, 2007 PA Super 319, 936 A.2d 521.

In *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), the United States Supreme [C]ourt held that the due process clause of the fourteenth amendment to the federal constitution, in conjunction with the sixth amendment, entitles a state defendant to a jury finding on the basis of proof beyond a reasonable doubt of a factor that statutorily increases the maximum sentence applicable to an offense. In *Alleyne v. United States*, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013), the Court extended the principle of *Apprendi* to encompass a factor that increases a mandatory minimum sentence applicable to an offense, pursuant to the federal constitution's sixth amendment.

The rule in *Alleyne* has been widely applied to factors that mandate minimum sentences for offenses. *See, e.g., Commonwealth v. Hopkins*, ____ Pa. ____, 117 A.3d 247 (2015). And on June 20, 2016, the *Alleyne* principle was held by the

Pennsylvania Supreme Court to extend to a factor mandating a minimum sentence without regard to whether the factor was a statutory element of the offense upon which the guilty verdict had been predicated. *Commonwealth v. Wolfe*, ___ Pa. ___, 140 A.3d 651 (2016) (affirming remand for resentencing on direct appeal where defendant subjected to mandatory minimum sentence, on basis of victim's age, for offense of involuntary deviate sexual intercourse with child under age of 16).

However, the current state of the law in Pennsylvania is that the rule of *Alleyne* is not to be applied retroactively on collateral review of a sentence that became final before the decision in *Alleyne*, notwithstanding that it may serve to render a sentence impeachable on a direct appeal. *Commonwealth v. Washington*, ___ Pa. ___, 142 A.3d 810 (2016); *cf. Commonwealth v. Barne*s, ___ Pa. ___, [151 A.3d 121] (2016) (holding that, for purposes of issue preservation on direct appeal, sentence in violation of *Alleyne* rule is illegal and thus non-waivable).

APPLICATION OF LAW TO FACTS

In the present case, [Hurley's] petition under the Post Conviction Relief Act is not timely under the general rule requiring a filing within one year of sentence finality. Nor is the 60-day exception to the general rule in the case of a newly recognized constitutional right applicable to [Hurley's] petition.

In the latter regard, even if the application in *Commonwealth v. Wolfe*, ___ Pa. ___, 140 A.3d 651 (June 20, 2016) of the *Alleyne* rule to sentences such as [Hurley's] where the mandatory sentencing factor was necessarily found to have been proven beyond a reasonable doubt by the trier-of-fact in returning a guilty verdict is regarded as advancing a new constitutional right, the decision (a) preceded Hurley's current petition by more than 60 days and (b) did not involve a retroactive right for purposes of collateral relief.

PCRA Court Opinion, 2/13/2016, at 3–6 (footnotes omitted).

We agree with the sound reasoning of Judge Oler. **Wolfe**, which was

decided more than 60 days before Hurley's present petition, involved a

- 8 -

direct appeal from a judgment of sentence that post-dated *Alleyne* and applied *Alleyne* to hold Section 9718 was unconstitutional; *Wolfe* did not establish a new constitutional right, much less a constitutional right that applies retroactively. Furthermore, in *Washington, supra*, the Pennsylvania Supreme Court held "*Alleyne* does not apply retroactively to cases pending on collateral review." *Id.,* 142 A.3d at 820.

In short, because the present petition is patently untimely and does not satisfy any PCRA statutory exception, Hurley's second PCRA petition was properly dismissed as the PCRA court lacked jurisdiction to review the petition.

Order affirmed. Motion to withdraw as counsel granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/21/2017